UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60700-CV-GAYLES/SELTZER

VERDEX CONSTRUCTION, LLC,

    Plaintiffs,

v.

GREAT AMERICAN INSURANCE
COMPANY,

    Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff's Motion for Summary Judgment [ECF No. 10] and Defendant's Motion to Stay Proceedings Pending Disposition of Parallel State Court Proceedings [ECF No. 39]. The Court referred all pretrial matters to Magistrate Judge Seltzer pursuant to 28 U.S.C. § 636 [ECF No. 7]. Judge Seltzer issued a Report and Recommendation (the "Summary Judgment Report") recommending that the Court grant in part Plaintiff's Motion for Summary Judgment [ECF No.32]. Judge Seltzer also issued a Report and Recommendation (the "Stay Report") recommending that the Court deny Defendant's Motion to Stay Proceedings [ECF No. 47]. Defendant has timely objected to the Summary Judgment Report and the Stay Report. [ECF Nos. 35, 48].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed.

R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

The Court, having conducted a *de novo* review of the record, agrees with Judge Seltzer's recommendation that summary judgment as to liability under the Subcontractor Payment Bond should be granted and that Defendant's request for a stay should be denied. Defendant's liability under the Subcontractor Payment Bond is not contingent on Plaintiff fulfilling its obligations under the Subcontract.[1] *See Fisk Elec. Co. v. Travelers*, No. 08-23210, 2009 WL 196032, * 3 (S.D. Fla. Jan. 23, 2009) ("A claim by a [contractor] for payment under a surety payment bond is distinguishable from a breach of contract claim, given that a surety payment bond creates rights and obligations independent of the underlying agreement for which the bond ensures payment."); *Frontier Ins. Co. v. M.C. Mgmt.*, No. 3:06-CV-597-H, 2009 WL 1374544, *3 (W.D. Ky. May 15, 2009) (holding that payment bond was not conditioned upon owner fulfilling obligation under construction contract). However, due to disputed issues of fact regarding the amounts of the lower-tier subcontractor's claims and whether Plaintiff has already paid those claims, the Court finds that summary judgment as to damages must be denied without prejudice. These factual disputes are best resolved after the parties have completed discovery.[2]

---

[1] Because this action can be resolved without first resolving Plaintiff's liability under the Subcontract, the Court finds a stay pending resolution of the state court action is not warranted.

[2] Indeed, Defendant discovered discrepancies in Plaintiff's Statement of Undisputed Facts after Plaintiff had filed its Motion for Summary Judgment.

2

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1) Magistrate Judge Seltzer's Summary Judgment Report [ECF No. 32] is ADOPTED in part and Magistrate Judge Seltzer's Stay Report [ECF No. 47] is ADOPTED in full;

(2) Plaintiff's Motion for Summary Judgment is GRANTED as to liability and DENIED without prejudice as to damages;

(3) Defendant's Motion to Stay Proceedings Pending Disposition of Parallel State Court Proceedings [ECF No. 39] is DENIED.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of March, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE